## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## ORLANDO DIVISION

BRAYAN DE JESUS TORRES-LEAL,

     Plaintiff,

-vs-

EXPERIAN INFORMATION
SOLUTIONS, INC. and WAKEFIELD
& ASSOCIATES, LLC,

    Defendants.

Case No.

## COMPLAINT AND DEMAND FOR JURY TRIAL

COMES NOW Plaintiff, BRAYAN DE JESUS TORRES-LEAL (hereinafter "Plaintiff"), by and through his undersigned counsel, for his cause of action against Defendants, EXPERIAN INFORMATION SOLUTIONS, INC. (hereinafter "Experian"); and WAKEFIELD & ASSOCIATES, LLC (hereinafter "Wakefield") (hereinafter collectively "Defendants"), and in support thereof respectfully alleges violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681, *et seq*, Fair Debt Collection Practices Act ("FDCPA") 15 U.S.C. § 1692 *et seq*, and the Florida Consumer Collection Practices Act ("FCCPA") Fl. Stat. § 559.72 *et seq*.

## PRELIMINARY STATEMENT

1.    This is an action for actual damages, statutory damages, punitive damages, costs, and attorney's fees brought pursuant to the FCRA.

2.     This is an action for actual damages, statutory damages, compensatory damages, punitive damages, costs, and attorney's fees brought pursuant to the FDCPA.

3.     This is an action for actual damages, statutory damages, punitive damages, costs, and attorney's fees brought pursuant to the FCCPA.

4.     Today in America there are three major consumer reporting agencies, Equifax Information Services LLC (hereinafter "Equifax"), Trans Union LLC (hereinafter "Trans Union"), and Experian Information Solutions, Inc. (hereinafter "Experian") (hereinafter collectively "CRAs").

5.     Consumer reporting agencies that create consumer reports, like Experian, are charged with using reasonable procedures designed to ensure the maximum possible accuracy of the information they report. It is not enough for them to simply parrot information they receive from entities, particularly where a consumer makes a dispute about information reported.

6.     When a consumer like Plaintiff disputes information through the agencies, those disputes are transmitted to the party furnishing the information. The FCRA demands that each party separately conduct a reasonable investigation of the consumer's dispute and correct or delete information they learn to be inaccurate or cannot otherwise verify.

7.     The Consumer Financial Protection Bureau has noted, "experience indicates that [Credit Reporting Agencies] lack incentives and under-invest in accuracy". Consumer Fin. Prot. Bureau, Supervisory Highlights Consumer Reporting Special Edition 21 (Issue 14, March 2, 2017).

## JURISDICTION AND VENUE

8.     Jurisdiction for this Court is conferred by 28 U.S.C. § 1331, as this action involves violations of the FCRA and FDCPA.

9.     Venue is proper for this Court pursuant to 28 U.S.C. § 1391(b)(2), as this is the judicial district in which a substantial part of the events or omissions giving rise to the claims occurred.

10.     Venue is proper in this District as Plaintiff is a natural person and resident of Orange County in the State of Florida; Defendants transact business within this District; and violations described in this Complaint occurred in this District.

11.     Plaintiff is a "consumer" as defined by 15 U.S.C. § 1681a(c).

12.     Experian is a corporation with its principal place of business in the State of California and is authorized to do business in the State of Florida through its registered agent, C T Corporation System, located at 1200 South Pine Island Road, Plantation, Florida 33324.

13.    Experian is a "consumer reporting agency," as defined in 15 U.S.C. § 1681(f). Experian is regularly engaged in the business of assembling, evaluating and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. § 1681(d) to third parties.

14.    Experian disburses such consumer reports to third parties under contract for monetary compensation.

15.    Wakefield is a corporation with its principal place of business in the State of Colorado and is authorized to do business in the State of Florida through its registered agent, Legalinc Corporate Services Inc., located at 476 Riverside Avenue, Jacksonville, Florida 32202.

16.    Wakefield is a "furnisher of information" as that term is used in 15 U.S.C § 1681s-2.

17.    Wakefield furnished information about Plaintiff to Experian that was inaccurate.

18.    Wakefield is a "debt collector" as defined by 15 U.S.C. § 1692a(6). Upon information and belief, Wakefield is regularly engaged in the business of collecting or attempting to collect debts owed or due or asserted to be owed or due another.

## FACTUAL ALLEGATIONS

19.     Plaintiff is alleged to owe a debt to Wakefield, partial account number ending in x7243, as to a collection on behalf of original creditor Florida Emergency Physicians (hereinafter "Wakefield Account"). Wakefield is attempting to collect a debt which does not belong to Plaintiff.

20.     On or about October 10, 2024, Plaintiff received a text message from Wakefield seeking to collect the alleged debt of the Wakefield Account.

21.     On or about November 27, 2024, Plaintiff received a text message from Wakefield seeking to collect the alleged debt of the Wakefield Account.

22.     In or about December 2024, Plaintiff received a notification through his credit monitoring app which stated a collection account had been added to his credit report and subsequently caused a reduction in his credit score.

23.     Shortly thereafter, Plaintiff reviewed his credit report and observed the Wakefield Account with an original balance of $1,243.

24.     On or about December 13, 2024, Plaintiff received a text message from Wakefield seeking to collect the alleged debt of the Wakefield Account.

25.     On or about December 23, 2024, Plaintiff received a text message from Wakefield seeking to collect the alleged debt of the Wakefield Account.

26.     In or about January 2025, Plaintiff submitted a dispute online with Experian regarding the Wakefield Account which did not belong to him.

27.     On or about January 10, 2025, a security alert was placed on Plaintiff's credit file regarding the fraud and identity theft.

> ID SECURITY ALERT: FRAUDULENT APPLICATIONS MAY BE SUBMITTED IN MY NAME OR MY IDENTITY MAY HAVE BEEN USED WITHOUT MY CONSENT TO FRAUDULENTLY OBTAIN GOODS OR SERVICES. DO NOT EXTEND CREDIT WITHOUT FIRST VERIFYING THE IDENTITY OF THE APPLICANT. I CAN BE REACHED AT 407-988-8233. THIS SECURITY ALERT WILL BE MAINTAINED FOR 1 YEAR BEGINNING 01-10-25.

28.     On or about January 22, 2025, Plaintiff received a text message from Wakefield seeking to collect the alleged debt of the Wakefield Account.

29.     On or about February 3, 2025, Plaintiff received dispute results from Experian which stated the Wakefield Account was verified as accurate.

30.     Experian failed to do any independent investigation into Plaintiff's disputes, but rather parroted information it received from the furnisher.

31.     Experian never attempted to contact Plaintiff during the alleged investigation.

32.     Upon information and belief, Experian notified Wakefield of Plaintiff's dispute. However, Wakefield failed to conduct a reasonable investigation and merely compared its own erroneous data to that provided by Experian in connection with the dispute investigation.

33.     On or about February 4, 2025, Plaintiff obtained an updated copy of his Experian credit report. Upon review, Plaintiff observed the Wakefield Account was reported with a status of collection and balance of $1,257.

34.     Shortly thereafter, Plaintiff filed a Federal Trade Commission ("FTC") Identity Theft Report, report number 183636062. In this report, he explained that he was a victim of identity theft and that the Wakefield Account listed in his credit report did not belong to him.

35.     On or about February 20, 2025, Plaintiff received a text message from Wakefield seeking to collect the alleged debt of the Wakefield Account.

36.     Due to the inaccurate reporting, on or about February 21, 2025, Plaintiff mailed a detailed dispute letter Experian. In the letter, Plaintiff advised he was a victim of identity theft and that the Wakefield Account did not belong to him. To confirm his identity, Plaintiff included images of his driver's license and Social Security card in the letter. Further, Plaintiff provided images of the erroneous reporting, images of his filed FTC Identity Theft Report, and other supporting documents.

37.     Plaintiff mailed his detailed dispute letter to Experian via USPS Certified Mail, tracking number 9407 1112 0620 6412 0493 00.

38.     Despite confirmation of delivery on February 25, 2025, Plaintiff did not receive dispute results in the mail from Experian.

39.    In or about March 2025, Plaintiff received a letter from Wakefield seeking to collect the alleged debt of the Wakefield Account totaling $1,257.

40.    However, on or about March 28, 2025, Plaintiff obtained an updated copy of his Experian credit report. Upon review, Plaintiff observed that the Wakefield Account was no longer reported in his Experian credit report.

41.    To date, Plaintiff has received several texts and letters from Wakefield attempting to collect the alleged debt.

42.    Wakefield was attempting to collect from Plaintiff a debt that did not belong to him.

43.    Wakefield was attempting to collect a debt that was illegitimate.

44.    As a result of the inaccurate credit reporting, Plaintiff has suffered damages, including, but not limited to:

     i.    Monies lost by attempting to fix his credit. Plaintiff has suffered actual damages in postage paid, wasted ink and paper, wasted time, and lost wages due to missing work in attempts to cure the reporting errors;

     ii.    Loss of time attempting to cure the errors;

     iii.    Mental anguish, added stress, aggravation, embarrassment, emotional distress, sleepless nights, headaches, fluctuations in

weight, and other related impairments to the enjoyment of life; Plaintiff is being physically affected by Defendants' actions;

iv.    Reduction in credit score;

v.    Apprehensiveness to apply for new credit due to the fear of rejection; and

vi.    Defamation as Defendants published inaccurate information to third party entities.

## CAUSES OF ACTION

### COUNT I
### Violation of 15 U.S.C. § 1681e(b) as to
### Defendant, Experian Information Solutions, Inc. (Negligent)

45.    Plaintiff re-alleges and incorporates paragraphs one (1) through forty-four (44) above as if fully stated herein.

46.    Experian violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning Plaintiff.

47.    Experian allowed for a furnisher to report an inaccurate and erroneous account to Plaintiff's credit file.

48.     Upon information and belief, Experian does not allow its representatives to call consumers, like Plaintiff, during the dispute process or call witnesses with knowledge about the dispute.

49.     Experian selects to just parrot the information provided by the Furnisher and to avoid conducting re-investigations.

50.     Experian chooses the illegitimate parroting of information despite consumers (like Plaintiff) providing ample evidence.

51.     Experian violated its own policies and procedures by not deleting an account when Plaintiff provided them with the filed FTC Identity Theft Report, which contained sworn testimony of the fraud.

52.     As a result of this conduct, action, and inaction of Experian, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; reduction in credit score; physical injury; emotional distress; and mental and emotional pain stemming from the stress, anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

53.     The conduct, action, and/or inaction of Experian was negligent, rendering it liable for actual damages, in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

54.     Plaintiff is entitled to recover costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

WHEREFORE, Plaintiff, BRAYAN DE JESUS TORRES-LEAL, respectfully requests that this Court award actual damages against Defendant, EXPERIAN INFORMATION SOLUTIONS, INC.; award Plaintiff his attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and such other such relief the Court may deem just and proper.

## COUNT II
### Violation of 15 U.S.C. § 1681e(b) as to
### Defendant, Experian Information Solutions, Inc. (Willful)

55.     Plaintiff re-alleges and incorporates paragraphs one (1) through forty-four (44) above as if fully stated herein.

56.     Experian violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning Plaintiff.

57.     Experian allowed for a furnisher to report an inaccurate and erroneous account to Plaintiff's credit file.

11

58.     Upon information and belief, Experian does not allow its representatives to call consumers, like Plaintiff, during the dispute process or call witnesses with knowledge about the dispute.

59.     Experian selects to just parrot the information provided by the Furnisher and to avoid conducting re-investigations.

60.     Experian chooses the illegitimate parroting of information despite consumers (like Plaintiff) providing ample evidence.

61.     Experian violated its own policies and procedures by not deleting an account when Plaintiff provided them with the filed FTC Identity Theft Report, which contained sworn testimony of the fraud.

62.     As a result of this conduct, action, and inaction of Experian, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; reduction in credit score; physical injury; emotional distress; and mental and emotional pain stemming from the stress, anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

63.     The conduct, action, and/or inaction of Experian was willful, rendering it liable for actual or statutory damages and punitive damages, in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

64.    Plaintiff is entitled to recover costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

WHEREFORE, Plaintiff, BRAYAN DE JESUS TORRES-LEAL, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, EXPERIAN INFORMATION SOLUTIONS, INC.; award Plaintiff his attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and such other such relief the Court may deem just and proper.

## COUNT III
### Violation of 15 U.S.C. § 1681i as to
### Defendant, Experian Information Solutions, Inc. (Negligent)

65.    Plaintiff re-alleges and incorporates paragraphs one (1) through forty-four (44) above as if fully stated herein.

66.    After receiving Plaintiff's disputes, Experian violated 15 U.S.C. § 1681i by: (i) failing to delete inaccurate information in Plaintiff's credit file after receiving notice of such inaccuracies; (ii) failing to conduct a lawful and reasonable reinvestigation into Plaintiff's disputes; (iii) failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit file; (iv) failing to review and consider all relevant information submitted by Plaintiff in the disputes; and (v) relying upon verification from a source it has to know is unreliable.

13

67.    Despite the large amount of information and documentation produced by Plaintiff demonstrating the inaccurate reporting, Experian failed to conduct independent investigations into Plaintiff's disputes and simply transferred the duty to investigate to the furnisher.

68.    Plaintiff provided Experian with the information it needed to confirm that he was a victim of identity theft. Experian ignored this information and failed to conduct a thorough investigation into his disputes or otherwise make his credit file accurate.

69.    As a direct result of this conduct, action and/or inaction of Experian, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; reduction in credit score; physical injury; emotional distress; and mental and emotional pain stemming from the stress, anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

70.    The conduct, action, and/or inaction of Experian was negligent, rendering it liable for actual damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

71.    Plaintiff is entitled to recover costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to § 1681o.

WHEREFORE, Plaintiff, BRAYAN DE JESUS TORRES-LEAL, respectfully requests that this Court award actual damages against Defendant, EXPERIAN INFORMATION SOLUTIONS, INC.; award Plaintiff his attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and such other such relief the Court may deem just and proper.

**COUNT IV**
**Violation of 15 U.S.C. § 1681i as to**
**Defendant, Experian Information Solutions, Inc. (Willful)**

72.    Plaintiff re-alleges and incorporates paragraphs one (1) through forty-four (44) above as if fully stated herein.

73.    After receiving Plaintiff's disputes, Experian violated 15 U.S.C. § 1681i by: (i) failing to delete inaccurate information in Plaintiff's credit file after receiving notice of such inaccuracies; (ii) failing to conduct a lawful and reasonable reinvestigation into Plaintiff's disputes; (iii) failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit file; (iv) failing to review and consider all relevant information submitted by Plaintiff in the disputes; and (v) relying upon verification from a source it has to know is unreliable.

74.    Despite the large amount of information and documentation produced by Plaintiff demonstrating the inaccurate reporting, Experian failed to conduct

independent investigations into Plaintiff's disputes and simply transferred the duty to investigate to the furnisher.

75.    Plaintiff provided Experian with the information it needed to confirm that he was a victim of identity theft. Experian ignored this information and failed to conduct a thorough investigation into his disputes or otherwise make his credit file accurate.

76.    As a direct result of this conduct, action and/or inaction of Experian, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; reduction in credit score; physical injury; emotional distress; and mental and emotional pain stemming from the stress, anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

77.    The conduct, action, and/or inaction of Experian was willful, rendering it liable for actual or statutory damages and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

78.    Plaintiff is entitled to recover costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to § 1681n.

WHEREFORE, Plaintiff, BRAYAN DE JESUS TORRES-LEAL, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, EXPERIAN INFORMATION SOLUTIONS, INC.;

award Plaintiff his attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and such other such relief the Court may deem just and proper.

## COUNT V
### Violation of 15 U.S.C. § 1681 s-2(b) as to
### Defendant, Wakefield & Associates, LLC (Negligent)

79.    Plaintiff re-alleges and incorporates paragraphs one (1) through forty-four (44) above as if fully stated herein.

80.    Wakefield furnished inaccurate account information to Experian and through Experian to all of Plaintiff's potential lenders.

81.    After receiving Plaintiff's disputes, Wakefield violated 15 U.S.C. § 1681s-2(b) by (i) failing to fully and properly investigate Plaintiff's dispute of the erroneous account; (ii) failing to review all relevant information regarding same; (iii) failing to accurately respond to Experian; and (iv) failing to permanently and lawfully correct its own internal records to prevent the re-reporting of the representations to the consumer reporting agency.

82.    Plaintiff provided all the relevant information and documents necessary for Wakefield to have identified that the account was erroneous.

83.    Wakefield did not have any reasonable basis to believe that Plaintiff was responsible for the account reported in its representations. It also had sufficient evidence by which to have verified that Plaintiff was not the responsible party,

including information provided to Wakefield by Plaintiff in connection with his disputes of the account in question. Instead, it knowingly chose to follow procedures which did not review, confirm, or verify the account belonged to Plaintiff. Further, even if it would attempt to plead ignorance, it had the evidence and information with which to confirm and recognize that Plaintiff was a victim of identity theft.

84.     Wakefield violated 15 U.S.C. § 1681s-2(b) by continuing to furnish inaccurate information to the CRAs after it had been notified that the information it was furnishing was inaccurate.

85.     As a direct result of this conduct, action, and/or inaction of Wakefield, Plaintiff suffered damages, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; reduction in credit score; physical injury; emotional distress; and mental and emotional pain stemming from the stress, anguish, humiliation, and apprehension in applying for credit, and the damages otherwise outlined in this Complaint.

86.     The conduct, action, and inaction of Wakefield was negligent, rendering it liable for actual damages, in an amount to be determined by the Court pursuant to 15 USC § 1681o.

87.     Plaintiff is entitled to recover costs and attorney's fees from Wakefield in an amount to be determined by the Court pursuant to 15 USC § 1681o.

18

WHEREFORE, Plaintiff, BRAYAN DE JESUS TORRES-LEAL, respectfully requests that this Court award actual damages against Defendant, WAKEFIELD & ASSOCIATES, LLC; jointly and severally; award Plaintiff his attorneys' fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and grant all such additional relief as the Court deems appropriate.

## COUNT VI
### Violation of 15 U.S.C. § 1681 s-2(b) as to
### Defendant, Wakefield & Associates, LLC (Willful)

88.    Plaintiff re-alleges and incorporates paragraphs one (1) through forty-four (44) above as if fully stated herein.

89.    Wakefield furnished inaccurate account information to Experian and through Experian to all of Plaintiff's potential lenders.

90.    After receiving Plaintiff's disputes, Wakefield violated 15 U.S.C. § 1681s-2(b) by (i) failing to fully and properly investigate Plaintiff's dispute of the erroneous account; (ii) failing to review all relevant information regarding same; (iii) failing to accurately respond to Experian; and (iv) failing to permanently and lawfully correct its own internal records to prevent the re-reporting of the representations to the consumer reporting agency.

91.    Plaintiff provided all the relevant information and documents necessary for Wakefield to have identified that the account was erroneous.

19

92.     Wakefield did not have any reasonable basis to believe that Plaintiff was responsible for the account reported in its representations. It also had sufficient evidence by which to have verified that Plaintiff was not the responsible party, including information provided to Wakefield by Plaintiff in connection with his disputes of the account in question. Instead, it knowingly chose to follow procedures which did not review, confirm, or verify the account belonged to Plaintiff. Further, even if it would attempt to plead ignorance, it had the evidence and information with which to confirm and recognize that Plaintiff was a victim of identity theft.

93.     Wakefield violated 15 U.S.C. § 1681s-2(b) by continuing to furnish inaccurate information to the CRAs after it had been notified that the information it was furnishing was inaccurate.

94.     As a direct result of this conduct, action, and/or inaction of Wakefield, Plaintiff suffered damages, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; reduction in credit score; physical injury; emotional distress; and mental and emotional pain stemming from the stress, anguish, humiliation, and apprehension in applying for credit, and the damages otherwise outlined in this Complaint.

95.     The conduct, action, and inaction of Wakefield was willful, rendering it liable for actual or statutory damages and punitive damages, in an amount to be determined by the Court pursuant to 15 USC § 1681n.

96.     Plaintiff is entitled to recover costs and attorney's fees from Wakefield in an amount to be determined by the Court pursuant to 15 USC § 1681n.

WHEREFORE, Plaintiff, BRAYAN DE JESUS TORRES-LEAL, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, WAKEFIELD & ASSOCIATES, LLC; award Plaintiff his attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and such other such relief the Court may deem just and proper.

### COUNT VII
### Violation of 15 U.S.C. § 1692f(1) as to
### Defendant, Wakefield & Associates, LLC

97.     Plaintiff re-alleges and incorporates paragraphs one (1) through forty-four (44) above as if fully stated herein.

98.     Wakefield has repeatedly attempted to collect a debt from Plaintiff that it knew or had reason to know was illegitimate.

99.     Wakefield violated 15 U.S.C. § 1692f(1) by attempting to collect a debt not authorized by agreement or otherwise permitted by law.

100.    Wakefield had all the information it needed to determine that the debt was erroneous and did not belong to Plaintiff, yet repeatedly attempted to collect that debt regardless.

21

101.   As a result of the conduct, action, and inaction of Wakefield, Plaintiff suffered from stress, anxiety, worry, fear, frustration, sleeplessness, nervousness, embarrassment, and humiliation, and the damages otherwise outlined in this Complaint. Plaintiff is in fear that the collection attempts by Wakefield will harm his credit reputation.

102.   Plaintiff is entitled to recover actual, statutory, compensatory, and punitive damages from Wakefield pursuant to the FDCPA.

103.   Plaintiff is entitled to recover reasonable attorney's fees and costs from Wakefield in the amount to be determined by the Court pursuant to the FDCPA.

WHEREFORE, Plaintiff, BRAYAN DE JESUS TORRES-LEAL, respectfully requests that this Court award actual, statutory, compensatory, and punitive damages against Defendant, WAKEFIELD & ASSOCIATES, LLC, jointly and severally; award Plaintiff his attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; and grant all such additional relief as the Court deems just, equitable, and proper.

## COUNT VIII
### Violation of Florida Statues § 559.72 (9) as to
### Defendant, Wakefield & Associates, LLC

104.   Plaintiff re-alleges and incorporates paragraphs one (1) through forty-four (44) above as if fully stated herein.

22

105.   Wakefield violated Florida Statues § 559.72 (9) by attempting to collect a debt it knew or had reason to know was not legitimate.

106.   Wakefield had all the information it needed to determine that the debt was erroneous and did not belong to Plaintiff yet continually contacted Plaintiff stating that he owed money for a debt he did not owe.

107.   As a result of the conduct, action, and inaction of Wakefield, Plaintiff suffered from stress, anxiety, worry, fear, frustration, sleeplessness, nervousness, embarrassment, and humiliation, and the damages otherwise outlined in this Complaint. Plaintiff is in fear that the collection attempts by Wakefield will harm his credit reputation.

108.   Plaintiff is entitled to recover actual, statutory, compensatory, and punitive damages from Wakefield pursuant to the FCCPA.

109.   Plaintiff is entitled to recover reasonable attorney's fees and costs from Wakefield in the amount to be determined by the Court pursuant to the FCCPA.

WHEREFORE, Plaintiff, BRAYAN DE JESUS TORRES-LEAL, respectfully requests that this Court award actual, statutory, compensatory, and punitive damages against Defendant, WAKEFIELD & ASSOCIATES, LLC, jointly and severally; award Plaintiff his attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; and grant all such additional relief as the Court deems just, equitable, and proper.

23

## JURY DEMAND

Pursuant to Federal Rule of Civil Procedure 38, Plaintiff hereby demands a trial by jury of all issues triable by jury.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, BRAYAN DE JESUS TORRES-LEAL, respectfully requests that this Court award judgment for actual, statutory, compensatory, and punitive damages against Defendants, EXPERIAN INFORMATION SOLUTIONS, INC. and WAKEFIELD & ASSOCIATES, LLC, jointly and severally; attorneys' fees and costs; prejudgment and post-judgment interest at the judgment rate; and such other relief the Court deems just and proper.

DATED this 29th day of March 2025.

Respectfully submitted,

*/s/ Octavio Gomez*
Octavio "Tav" Gomez, Esq.
Florida Bar #: 0338620
Georgia Bar #: 617963
Pennsylvania Bar #: 325066
The Consumer Lawyers PLLC
501 E. Kennedy Blvd, Suite 610
Tampa, Florida 33602
Cell: (813) 299-8537
Facsimile: (844) 951-3933
Tav@theconsumerlawyers.com

*/s/ Frank H. Kerney, III, Esq.*
Frank H. Kerney, III, Esq.
Florida Bar No.: 88672

24

Tennessee Bar No.: 035859
The Consumer Lawyers PLLC
501 E. Kennedy Blvd, Ste 610
Tampa, Florida 33602
Telephone: 844.855.9000
Facsimile: 844.951.3933
Frank@theconsumerlawyers.com
*Attorney for Plaintiff*